UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JOSHUA B. MANNING                    CIVIL ACTION NO. 3:11-cv-1462
        LA. DOC #526931
VS.                                  SECTION P

                                     JUDGE ROBERT G. JAMES

WARDEN DAVE YELVERTON        MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* petitioner Joshua B. Manning filed the instant petition for writ of *habeas corpus*

pursuant to 28 U.S.C. §2254 on August 8, 2011.  Petitioner is an inmate in the custody of

Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Jackson Parish

Corrections Center, Jonesboro, Louisiana. Petitioner attacks his January 6, 2008, conviction for

indecent behavior with a juvenile and the four year sentence imposed by the Third Judicial District

Court, Lincoln Parish. This matter was referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the

Court. For the following reasons it is recommended that the petition be **DISMISSED WITH**

**PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

Petitioner has provided little in the way of factual back ground with regard to the procedural

history of his case. Nevertheless, his pleadings, taken as true for the purposes of this report, establish

that petitioner was arrested and charged with indecent behavior with a juvenile on March 12, 2007.

[Doc. 1-1, pp. 1-8] On January 6, 2008, he pled guilty to the charge and was sentenced to serve four

years at hard labor. [Doc. 1, ¶1-7] He did not appeal his conviction or sentence [Id., ¶8], nor did he

file an application for post-conviction relief or seek other collateral review of the conviction and sentence. [Id., ¶10]

He filed the instant petition on August 8, 2011. He claimed that he did not seek review because "newly discovered evidence which the State would let run out since I've only five (5) months left." [Id., ¶11(e)] He implied in general that his conviction was obtained by an involuntary plea, the use of a coerced confession, by use of evidence obtained pursuant to an unconstitutional search and seizure, by use of evidence obtained pursuant to an unlawful arrest, by use of a confession obtained in violation of his right against self incrimination, by the failure of the prosecution to disclose favorable evidence, by the denial of effective counsel and by the denial of his right to appeal. [Id., ¶12(a) - (f), (i) - (j)] More specifically he claimed that his "[c]onviction obtained by use of evidence unconstitutionality [sic] of Statutes..." In support of this cryptic claim he alleged "... newly discovered evidence that the trial court, the Ruston Police Dept. never read him his *Miranda* Rights before obtaining his statement of allege crime on March 12, 2007." [Id., ¶12(A)] He also claimed that the "conviction and sentence is invalid to sustain a conviction..." because "District Attorney and counsel of records conspire to with-hold exculpatory evidence that petitioner wasn't constitutional [sic] convicted by a valid *Miranda* proceed." [Id.] Finally he alleged "... the content of his newly discovery [sic] evidence would never receive a court docket date by filing at the end of his sentence." [Id., ¶13]

### *Law and Analysis*

### *1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including

the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999);  *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  Therefore, the limitations period should not be reckoned as provided in 28 U.S.C. § 2244(d)(1)(B) or (C).  Petitioner, however, implies that he is entitled to have the limitations period reckoned as provided in  2244(d)(1)(D), "... the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence..." and that claim is analyzed in Part 2, below.

[direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following January 6, 2008 (the date that petitioner claims he pled guilty and was sentenced)[2] or, on or about February 6, 2008.  Under §2244(d)(1) petitioner  had one year from that date, or until February 6, 2009, to file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because by his own admission – taken as true for the purposes of this Report – he did not file a collateral attack in the state courts. Since a period of more than twelve un-tolled months elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed, his federal *habeas corpus* claims are barred by the timeliness provisions codified at 28 U.S.C. §2244(d).

### 2. Limitations –  §2244(d)(1)(D)

As previously noted, petitioner implies that the AEDPA's 1-year period of limitations should be reckoned in accordance with the provisions of §2244(d)(1)(D) – "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The factual predicate of petitioner's claim is his assertion that he was not advised of his *Miranda*  rights prior to giving his confession on March 12, 2007.  Petitioner must have been aware of that fact on the date he made his confession.  Certainly, that was a "fact" that could have been discovered through the exercise of due diligence at some time between March 12, 2007, and January

---

[2] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

It must also be noted that January 6, 2008, the date petitioner claimed he pled guilty, was a Sunday and it is highly improbable that he pled guilty on that date. However, in the absence of any other evidence or allegation, it will be presumed that petitioner pled guilty sometime in January 2008, and regardless of the actual date, the analysis outlined above would still establish that the instant petition is time-barred.

6, 2008, the date of the conviction.

In short, even if petitioner is given the benefit of tolling pursuant to §2244(d)(1)(D), his current petition is time-barred since more than 1-year elapsed un-tolled between the date that the evidence could have been discovered through the exercise of due diligence and the date that the instant petition was filed.[3]

### 3. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling, but only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing

---

[3] Of course, the assertion that petitioner was not advised of his *Miranda*  rights prior to the confession is refuted by the police report provided with the petition. According to the report, "... on March 14, 2007, Lt. G. Jenkins was contacted by Joshua Manning who agreed to come to the Ruston Police Department and speak with officers about the allegations which had been made by [the victim]. At approximately 0845 hours, Manning arrived at the Ruston Police Department and was interviewed by Lt. S.F. Beard and Lt. G.D. Jenkins. Manning was advised of his Miranda warning by Lt. Beard prior to the interview..." [Doc. 1-1, p. 6]

period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also

*Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Here,

although provided the opportunity to do so, petitioner failed to show that some "extraordinary

circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75

(5th Cir.2010). The alleged extraordinary circumstances implied by petitioner, such as ignorance of

the law, the temporary denial of access to research materials or the law library, and inadequacies in

the prison law library, are not sufficient to warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d

168, 171–72 (5th Cir.2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir.2000).

In short, the circumstances alleged herein are not extraordinary enough to qualify for

equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is

<u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way</u>

<u>from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S.

1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96

F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was

"actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH**

**PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at

28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to

file specific, written objections with the Clerk of Court.  A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to

the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall**

**bar an aggrieved party from attacking either the factual findings or the legal conclusions**

**accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United*

*Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from**

**service of this Report and Recommendation, the parties  may file a memorandum setting forth**

**arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).

**A courtesy copy of the memorandum shall be provided to the District Judge at the time of**

**filing.**

In Chambers, Monroe, Louisiana, October 25, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE